# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

JAN 12 2009

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| **SCHUYLER L. SCARBOROUGH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 08-056-RAW-KEW |
| ) | |
| **GREG PROVINCE, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, attacks his conviction in Sequoyah County District Court Case Number CF-2003-247 for First Degree Murder.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's Judgment and Sentence was entered on November 8, 2004. His conviction became final ten days later on November 18, 2004, as he did not perfect a direct appeal. *See* Rules 2.1(B) and 2.5(A), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18., App. Therefore, he had one year, until November 18, 2005, to challenge his conviction through a federal habeas corpus action.

On July 21, 2005, petitioner filed an application for post-conviction relief, seeking an appeal out of time. The application was denied on February 24, 2006. He then had 30 days, until March 26, 2006, to file a proper petition in error with the Clerk of the Oklahoma Court of Criminal Appeals. Rule 5.2(C)(2), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18., App. The petition in error, however, was not filed until April 3, 2006, and the Court of Criminal Appeals declined jurisdiction of the attempted post-conviction appeal as untimely. *Scarborough v. State*, No. PC-2006-360 (Okla. Crim. App. June 8, 2006).

Pursuant to 28 U.S.C. § 2244(d)(2), petitioner's limitations period was tolled for 249 days, from the time he filed his post-conviction application in the state district court until the time to file a post-conviction appeal had elapsed. The deadline for filing this habeas petition, therefore, was July 25, 2006. Petitioner's untimely post-conviction appeal did not toll the

habeas limitations period, because it was not properly filed, in accordance with the Rules of the Court of Criminal Appeals. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (emphasis in original). This habeas corpus petition, filed on February 13, 2008, clearly was untimely.

The record shows that on May 26, 2006, petitioner filed a previous petition for a writ of habeas corpus in this court in Case No. CIV-06-207-JHP. That petition was dismissed without prejudice on March 30, 2007, for failure to exhaust state court claims. The pendency of petitioner's prior habeas action, however, did not further toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). In addition, "a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

Finally, after expiration of the limitations period, petitioner filed two more applications for post-conviction relief with proper appeals to the Court of Criminal Appeals. These attempts to obtain post-conviction relief before the state courts, however, cannot serve to toll an already expired statute of limitations. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002). *See also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

Petitioner alleges in his response to the motion to dismiss that he missed his deadlines because he is incompetent and does not understand legal jargon, and he has only a third or fourth-grade education. In addition, his prison case manager allegedly failed to submit a disbursement to pay court fees. Equitable tolling of § 2244(d)(1)'s one-year statute of

limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)). The court finds there is no evidence in the record to suggest petitioner is actually innocent of the crime of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claims. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 12<sup>r</sup> day of January 2009.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE